J-S14015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOSHUA JAMES GROVE | : | |
| Appellant | : | No. 1271 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 3, 2021
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000384-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOSHUA GROVE | : | |
| Appellant | : | No. 1272 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 3, 2021
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000573-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOSHUA JAMES GROVE | : | |
| Appellant | : | No. 1273 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 3, 2021
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000574-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |

|            |   |                 |
|------------|---|-----------------|
| v.         | : |                 |
|            | : |                 |
|            | : |                 |
|            | : |                 |
| JOSHUA JAMES GROVE | : |         |
|            | : |                 |
| Appellant  | : | No. 1274 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 3, 2021
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000575-2020

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                  **FILED: AUGUST 8, 2022**

Joshua James Grove appeals from the judgment of sentence imposed after he pleaded guilty to resisting arrest, false identification to law enforcement authorities, criminal mischief and possession of a controlled substance.[1] Counsel has filed a petition to withdraw and a brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967), and **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009), on the grounds that Grove's appeal is wholly frivolous. We grant counsel's petition to withdraw and affirm the judgment of sentence.

Grove pleaded guilty in July 2021 to the above-referenced charges. On September 3, 2021, the court sentenced him, in accordance with the recommendation on his plea agreement form, to an aggregate sentence of 48

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **_See_** 18 Pa.C.S.A. §§ 5104, 4914, 3304(a)(5), and 35 P.S. § 780-113(a)(16), respectively

to 96 months of incarceration.[2] The court sentenced Grove within the standard range on each count, with all sentences to run consecutively except for resisting arrest and criminal mischief, which were to run concurrently.

Grove did not file a post-sentence motion challenging his sentence. His trial counsel filed a petition to withdraw and for new counsel to be appointed. Ultimately, the trial court appointed new counsel and granted Grove's motion to reinstate his direct appeal rights *nunc pro tunc*. Grove properly filed a separate notice of appeal to this Court on each docket number and we consolidated the cases *sua sponte* on November 18, 2021. However, counsel filed an **Anders** brief and petition to withdraw. Grove has not submitted a response.

Counsel's **Anders** brief identifies a single issue: "Whether the sentenc[ing] court erred as a matter of law or abused its discretion in giving an excessive sentence of 48 months to 96 months [of incarceration], which is a cumulative sentence from multiple cases[.]" **Anders** Br. at 7.

Before we can address the issue counsel has identified, we must first address counsel's request to withdraw. **See Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa.Super. 2010). The application to withdraw must state that, "after making a conscientious examination of the record, counsel has

---

[2] The sentencing court also issued a supplemental order, dated January 13, 2022, to correct a "scrivener's error" within the original September 3, 2021 sentencing order. The supplemental order appears to correct the classification of receiving stolen property as a misdemeanor and instead classifies that count as a third-degree felony.

determined that the appeal would be frivolous." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*). Counsel must also advise the defendant that she "has the right to retain private counsel or raise additional arguments that [she] deems worthy of the court's attention." ***Id.*** Counsel must also file an ***Anders*** brief and provide a copy to the client. The ***Anders*** brief must do all of the following:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** (quoting ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009)).

Here, counsel has satisfied all of these requirements. His application to withdraw states that he conducted "a conscientious examination of the record" and found "the appeal to be wholly frivolous." Petition for Leave to Withdraw as Counsel, filed 1/25/22. His ***Anders*** brief provides a summary of the case's procedural history and facts, with citations to the record; identifies the issues that he believes arguably support the appeal; states counsel's conclusion that the appeal is frivolous; and explains his reasons for that conclusion. ***See id.*** Counsel has also given us, as required, a copy of the letter to Grove informing him that counsel was requesting leave to withdraw and was filing an ***Anders***

brief with this Court. The letter also advised Grove of his right to retain new counsel or to proceed *pro se* in response to the **Anders** brief. **See Commonwealth v. Millisock**, 873 A.2d 748, 751 (Pa.Super. 2005).

We now conduct our own independent assessment of the record to decide whether this appeal is frivolous and "if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa.Super. 2015); **see also Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*).

In his **Anders** brief, counsel addresses Grove's contention that his sentence was too harsh. This claim goes to the discretionary aspects of his sentence. **See Anders** Br. at 7-8. Such a challenge is not heard on appeal as of right. Rather, we review such claims only after we determine that there is a substantial question that the sentence was not appropriate under the Sentencing Code. **See Cartrette**, 83 A.3d at 1042. An appellant desiring review of such an issue must ask the appellate court to review the claim by setting forth in the appellate brief a concise statement of the reasons relied upon for allowance of appeal with respect to the claim. **See** Pa.R.A.P. 2119(f). We determine whether there is a substantial question about the sentence based on the Rule 2119(f) concise statement. **See Commonwealth v. Radecki**, 180 A.3d 441, 468 (Pa.Super. 2018).

We thus engage in a four-step inquiry before reaching the merits of a challenge to discretionary aspects of sentencing:

> (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Dempster*, 187 A.3d at 272 (citation omitted).

Here, Grove timely appealed, but his brief does not contain a Rule 2119(f) statement. However, where counsel has filed an *Anders* brief, the failure to include a Rule 2119(f) statement in the brief does not preclude us from determining whether the appeal is wholly frivolous. *See Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa.Super. 2015) (citations omitted). Thus, our review is not barred by Grove's failure to include a Rule 2119(f) statement.

However, our review is precluded by Grove's failure to file a post-sentence motion challenging his sentence. *See Dempster*, 187 A.3d at 272. Because Grove failed to file the required post-sentence motion, all claims challenging discretionary aspects of his sentence are waived. *See Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013). Thus, we concur with counsel that the sentencing issue counsel identified is frivolous. *Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa.Super. 2016) ("An issue that is waived is frivolous").

Further, we find no other non-frivolous claims upon our independent review of the entire record. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted. Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/8/2022